**FILED**
**February 10, 2023**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DELORES TURNER,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0593** (BOR Appeal No. 2056692)
                        (Claim No. 2020003410)

**CORNERSTONE BUILDING BRANDS,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Delores Turner, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Cornerstone Building Brands, by Counsel Steven K. Wellman and James W. Heslep, filed a timely response.

The issue on appeal is Ms. Turner's entitlement to medical benefits. The claims administrator denied a request for an MRI arthrogram on March 31, 2020. On March 30, 2021, the Workers' Compensation Office of Judges ("Office of Judges") found the issue of the MRI arthrogram moot, insofar as Ms. Turner had undergone surgery without waiting for the MRI arthrogram to be performed. This appeal arises from the Board of Review's Order dated June 28, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Turner sustained an injury to her left shoulder on July 8, 2019, while lifting windows as a laborer for Simonton Windows. She was initially examined at MedExpress and diagnosed with left shoulder strain. Ms. Turner was later diagnosed with an unspecified sprain of the left shoulder joint. In an Order dated August 26, 2019, the claims administrator found the claim compensable for an unspecified sprain of the left shoulder joint.

Ms. Turner underwent an MRI of the left shoulder on November 20, 2019. The MRI indicated a normal MRI of the shoulder with no traumatic sequelae. The supraspinatus muscle and tendon within the rotator cuff were found to be normal in appearance with no degeneration or tearing. The infraspinatus, teres minor, and subscapularis muscles and tendons were also normal.

Ms. Turner was seen by Jason L. Gessell, D.O., on January 3, 2020, and reported that she had recently participated in physical therapy and received two corticosteroid injections. Neither treatment provided relief. On examination, Dr. Gessell found tenderness of the biceps tendon in the lateral aspect of the shoulder. Range of motion testing indicated motion was mildly limited by pain, especially forward flexion and abduction of the last 30 degrees. Dr. Gessell stated that Ms. Turner had left rotator cuff strain, subsequent encounter, along with a strain of the muscle tendon of the rotator cuff of the left shoulder. He discussed the risks, benefits, and alternatives with Ms. Turner after diagnostic fluoroscopy of the left shoulder. Following his examination, Dr. Gessell requested authorization for an MRI arthrogram of the left shoulder. The requested arthrogram was to determine whether surgery was necessary.

Prasadarao Mukkamala, M.D., performed a physical examination of Ms. Turner for an Independent Medical Evaluation on January 13, 2020. Dr. Mukkamala diagnosed a sprain/strain resulting from the July 8, 2019, injury. He concluded that there was absolutely no evidence of a rotator cuff tear or other significant pathology. Although her treating physician was recommending arthroscopy, Dr. Mukkamala found no indication for arthroscopy based on the physical examination and unremarkable MRI. Dr. Mukkamala concluded that Ms. Turner reached her maximum degree of medical improvement, and he assessed 2% whole person impairment due to reduced range of motion.

On March 31, 2020, the claims administrator entered an Order denying authorization for an MRI arthrogram of Ms. Turner's left shoulder. The claims administrator indicated that the decision was based upon Dr. Mukkamala's report dated January 13, 2020. Ms. Turner protested the claims administrator's decision. In support of her protest, Ms. Turner submitted a letter, with accompanying medical billing records, from First Settlement Orthopaedics, dated September 11, 2020, and Marietta Surgery Center, dated December 21, 2020, showing that Dr. Gessell performed subacromial decompression and labral repair.[1] She also introduced billing statements from United Anesthesia, Inc., for the surgical procedure, as well as a letter from Mountain River Physical Therapy noting her post-surgical left shoulder/upper extremity therapy. Ms. Turner also submitted mileage reimbursement requests for attending therapy at Mountain River Physical Therapy.

Ms. Turner returned to Dr. Gessell on November 20, 2020, for a follow-up visit after her subacromial decompression and labral repair of the left shoulder. In his Progress Note, Dr. Gessell reported that the left shoulder was treated by an open surgical procedure and that she was doing well by participating in therapy twice a week. Physical examination revealed that Mr. Turner's wounds were healed and showed no signs of infection, erythema, or warmth. She had full passive range of motion with forward flexion, abduction, and external rotation. Ms. Turner was directed to follow up in six weeks. Following the examination, Dr. Gessell planned to request that a labral tear be added to the claim and noted that he believed that the findings of the shoulder were a direct result of the injury.

On appeal, Ms. Turner argues that although the claims administrator denied a request for an MRI with dye, Dr. Gessell decided that she needed to have surgery on her shoulder because her pain became unbearable. In an Order dated March 30, 2021, the Office of Judges found the issue of the MRI arthrogram moot, insofar as Ms. Turner had undergone surgery without waiting for the MRI arthrogram to be performed. The Office of Judges determined that Ms. Turner cannot now receive an MRI arthrogram to determine if surgery is necessary, since the surgery was already performed without obtaining the testing. Although the arthrogram was found to be medically related and reasonably necessary at the time it was requested, the Office of Judges concluded that the issue is now moot. As a result, the claims administrator's Order dated March 31, 2020, was dismissed as moot. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 28, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Office of Judges did not err in finding the issue moot insofar as the diagnostic study was intended to determine whether surgery was necessary. Because the surgical procedure was actually performed without the requested MRI arthrogram, the issue is clearly moot. The Board of Review's Order dated June 28, 2021, is affirmed.

Affirmed.

**ISSUED:**

---

[1] The surgical treatment performed by Dr. Gessell was not requested or authorized through Ms. Turner's workers' compensation claim.

3

**CONCURRED IN BY: February 10, 2023**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn